**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MATT A. FERRANDO, | No. 10-15771 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-02470 FCD CMK |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Agrued and Submitted July 22, 2011
San Francisco, California

Before:    TASHIMA and RAWLINSON, Circuit Judges, and HATTER, Senior
District Judge.[**]

Matt Ferrando ("Ferrando") appeals the district court's grant of summary

judgment in favor of the Commissioner of Social Security (the "Commissioner")

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Terry J. Hatter, Senior United States District Judge for the Central District of California, sitting by designation.

upholding the denial of disability benefits under Titles II and XVI of the Social Security Act.

We review de novo a district court's judgment upholding the denial of social security benefits, but will set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error. Berry v. Astrue, 622 F.3d 1228, 1231 (9th Cir. 2010). In determining whether to remand a case to the Commissioner in light of new evidence, we review de novo whether the new evidence is material and for abuse of discretion whether the claimant had good cause for the failure to incorporate the evidence into the record of a prior proceeding. Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001).

**1.** Ferrando's argument that the mere fact of a subsequent decision awarding him benefits requires remand for reconsideration in light of new evidence is without merit. As in Bruton v. Massanari, 268 F.3d 824 (9th Cir. 2001), the subsequent application in this case involved "different medical evidence[ and] a different time period." Id. at 827. Thus, the "initial denial and subsequent award [are] easily reconcilable on the record before the court." Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010).

**2.** Ferrando did not waive his arguments as to the merits of ALJ Ramsey's decision because he "gave the district court a clear opportunity to review the

2

validity of its order." <u>Whittaker Corp. v. Execuair Corp.</u>, 953 F.2d 510, 515 (9th Cir. 1992). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." <u>Lester v. Chater,</u> 81 F.3d 821, 830 (9th Cir. 1996). Thus, "where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." <u>Id.</u> The record demonstrates that the opinions of the examining psychologist relied on by the ALJ and the treating psychiatrist rejected by the ALJ do not conflict because Ferrando's medical records indicate that his mental impairments worsened between the examining psychologist's evaluation in April 2005 and the treating psychiatrist's evaluation in February 2007.[1]

Here, ALJ Ramsey failed to provide clear and convincing reasons for rejecting the evaluation of Ferrando's treating psychiatrist. First, Ferrando's failure to seek treatment for his mental illness before Decmber 2006 is not a clear and convincing reason to reject his psychiatrist's opinion, especially where that failure to seek treatment is explained, at least in part, by his degenerating

---

[1] Indeed, Ferrando's mental impairments worsened to the point where the Commissioner determined that he was disabled by them, at least as of July 27, 2007, the date of his subsequent application for benefits, and just over a month after the date of the decision before us on review.

condition. See Regennitter v. Comm'r Soc. Sec. Admin., 166 F.3d 1294, 1299-1300 (9th Cir. 1999) ("[W]e have particularly criticized the use of a lack of treatment to reject mental complaints both because mental illness is notoriously underreported and because 'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'") (quoting Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996)); cf. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (noting that one type of evidence that can serve to discredit a plaintiff's pain testimony is "an unexplained, or inadequately explained, failure to seek treatment") (emphasis added).

The ALJ's second reason – that Ferrando's treating psychiatrist's report was based only upon his subjective complaints – is unsupported by the record. Further, as the ALJ gave no reason to discredit Ferrando's "subjective allegations" of his mental health symptoms other than the inadequate reason that Ferrando failed to

4

seek treatment before 2006, he cannot rely on any defect in those "subjective allegations" to discredit the treating psychiatrist.[2]

Crediting the treating psychiatrist's February 2007 opinion as true, see Widmark v. Barnhart, 454 F.3d 1063, 1069 (9th Cir. 2006), we reverse the judgment of the district court and remand for the Commissioner to determine when Ferrando's mental impairments became so severe as to render him disabled, which we would expect to be after April 2005, and before July 27, 2007.

**REVERSED and REMANDED.**

---

[2]     Moreover, mental health professionals frequently rely on the combination of their observations and the patient's reports of symptoms (as do all doctors); indeed, the examining psychologist's report credited by the ALJ also relies on these methods. To allow an ALJ to discredit a mental health professional's opinion solely because it is based to a significant degree on a patient's "subjective allegations" is to allow an end-run around our rules for evaluating medical opinions for the entire category of psychological disorders.

*Ferrando v. Astrue*, No. 10-15771
**Rawlinson, Circuit Judge, concurring in part and dissenting in part:**

I concur in the holdings that a subsequent decision does not constitute new evidence requiring a remand for reconsideration and that Matt Ferrando did not waive his arguments regarding the merits of Administrative Law Judge (ALJ) Ramsey's decision. However, I dissent from the balance of the disposition.

I specifically dissent from the majority's holding giving controlling weight to the evaluation of the "treating psychiatrist." The reason for affording more weight to a treating medical source is because of the longitudinal history that a treating physician brings to the evaluation of a patient. In this case, the psychiatrist had only seen Ferrando once. Our precedent permits the ALJ to give the opinion less weight in that circumstance. *See Holohan v. Massanari*, 246 F.3d 1195, 1203 n.2 (9th Cir. 2001) ("This is not to say that a treating physician's every medical opinion is necessarily entitled to weight . . . . Under certain circumstances, a treating physician's opinion on some matter may be entitled to little if any weight. This might be the case, for instance, if the treating physician has not seen the patient long enough to have obtained a longitudinal picture . . .") (citations and internal quotation marks omitted).

The majority also rejects the ALJ's reliance on Ferrando's failure to seek

1

treatment prior to December, 2006, on the basis that the failure to seek treatment "is explained, at least in part, by his degenerating condition." *Majority Disposition*, p. 3. Indeed, no such explanation appears in the record. Indeed, according to the majority, he sought treatment precisely when his condition worsened, *i.e.*, when he saw the "treating psychiatrist." Indeed, the record reflects that he sought treatment to obtain disability benefits rather than because of his condition. Because the majority rationale is flawed on this point, the psychiatrist's reliance on Ferrando's subjective complaints cannot be salvaged. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (noting that an ALJ may reject a medical opinion based on discredited self-reporting). Finally, the majority's conclusion completely ignores "the presumption of continuing non-disability arising from the finding of non-disability in Ferrando's earlier claim. *See Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988).

Because the ALJ's decision denying benefits is supported by substantial evidence and because the majority's analysis conflicts with our governing precedent, I respectfully dissent from the reversal and remand.