*611 MEMORANDUM **
Matt Ferrando (“Ferrando”) appeals the district court’s grant of summary judgment in favor of the Commissioner of Social Security (the “Commissioner”) upholding the denial of disability benefits under Titles II and XVI of the Social Security Act.
We review de novo a district court’s judgment upholding the denial of social security benefits, but will set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error. Berry v. Astrue, 622 F.3d 1228, 1231 (9th Cir.2010). In determining whether to remand a case to the Commissioner in light of new evidence, we review de novo whether the new evidence is material and for abuse of discretion whether the claimant had good cause for the failure to incorporate the evidence into the record of a prior proceeding. Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir.2001).
1. Ferrando’s argument that the mere fact of a subsequent decision awarding him benefits requires remand for reconsideration in light of new evidence is without merit. As in Bruton v. Massanari, 268 F.3d 824 (9th Cir.2001), the subsequent application in this case involved “different medical evidence[ and] a different time period.” Id. at 827. Thus, the “initial denial and subsequent award [are] easily reconcilable on the record before the court.” Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir.2010).
2. Ferrando did not waive his arguments as to the merits of ALJ Ramsey’s decision because he “gave the district court a clear opportunity to review the validity of its order.” Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir.1992). “As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant.” Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1996). Thus, “where the treating doctor’s opinion is not contradicted by another doctor, it may be rejected only for ‘clear and convincing’ reasons.” Id. The record demonstrates that the opinions of the examining psychologist relied on by the ALJ and the treating psychiatrist rejected by the ALJ do not conflict because Ferrando’s medical records indicate that his mental impairments worsened between the examining psychologist’s evaluation in April 2005 and the treating psychiatrist’s evaluation in February 2007.[1]
Here, ALJ Ramsey failed to provide clear and convincing reasons for rejecting the evaluation of Ferrando’s treating psychiatrist. First, Ferrando’s failure to seek treatment for his mental illness before December 2006 is not a clear and convincing reason to reject his psychiatrist’s opinion, especially where that failure to seek treatment is explained, at least in part, by his degenerating condition. See Regennitter v. Comm’r Soc. Sec. Admin., 166 F.3d 1294, 1299-1300 (9th Cir.1999) (“[W]e have particularly criticized the use of a lack of treatment to reject mental complaints both because mental illness is notoriously un-derreported and because ‘it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.’ ”) (quoting Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir.1996)); cf. Fair v. Bowen, 885 F.2d *612 597, 603 (9th Cir.1989) (noting that one type of evidence that can serve to discredit a plaintiffs pain testimony is “an unexplained, or inadequately explained, failure to seek treatment”) (emphasis added).
The ALJ’s second reason — that Ferran-do’s treating psychiatrist’s report was based only upon his subjective complaints — is unsupported by the record. Further, as the ALJ gave no reason to discredit Ferrando’s “subjective allegations” of his mental health symptoms other than the inadequate reason that Ferrando failed to seek treatment before 2006, he cannot rely on any defect in those “subjective allegations” to discredit the treating psychiatrist.[2]
Crediting the treating psychiatrist’s February 2007 opinion as true, see Widmark v. Barnhart, 454 F.3d 1063, 1069 (9th Cir.2006), we reverse the judgment of the district court and remand for the Commissioner to determine when Ferrando’s mental impairments became so severe as to render him disabled, which we would expect to be after April 2005, and before July 27, 2007.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Indeed, Ferrando’s mental impairments worsened to the point where the Commissioner determined that he was disabled by them, at least as of July 27, 2007, the date of his subsequent application for benefits, and just over a month after the date of the decision before us on review.

. Moreover, mental health professionals frequently rely on the combination of their observations and the patient’s reports of symptoms (as do all doctors); indeed, the examining psychologist’s report credited by the ALJ also relies on these methods. To allow an ALJ to discredit a mental health professional's opinion solely because it is based to a significant degree on a patient’s "subjective allegations” is to allow an end-run around our rules for evaluating medical opinions for the entire category of psychological disorders.