**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KELLY ANN WORDEN,

  Plaintiff - Appellant,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

  Defendant - Appellee.

No. 11-15116

D.C. No. 1:09-cv-00868-SMS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Sandra M. Snyder, Magistrate Judge, Presiding

Argued and Submitted March 16, 2012
San Francisco, California

Before:  WALLACE and BEA, Circuit Judges, and BENNETT, District Judge.[**]

Plaintiff-Appellant Kelly Ann Worden appeals from the district court's order

affirming the administrative denial of her application for supplemental security

income (SSI) disability benefits.  Worden argues that the administrative law judge

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Mark W. Bennett, District Judge for the U.S. District
Court for the Northern District of Iowa, sitting by designation.

(ALJ) improperly rejected a treating physician's opinion that she suffered from disabling mental impairments and that, contrary to the conclusion of the Appeals Council when it denied further review, additional evidence that she submitted to the Appeals Council would have changed the outcome. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's judgment upholding the denial of social security benefits. *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "We will 'set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error.'" *Id.* (quoting *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009)). Although we do not have jurisdiction to review the Appeals Council's denial of further review, we may consider additional evidence presented for the first time to the Appeals Council when reviewing the agency's disability determination. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231-32 (9th Cir. 2011).

Here, the ALJ gave specific, legitimate reasons for rejecting the treating physician's opinions, including the treating physician's reliance on subjective comments by Worden, whose credibility the ALJ had already discounted, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008), and the lack of support for his opinions in his own treatment records, the longitudinal record, and

Worden's report of her daily activities. *See Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). Similarly, the additional evidence submitted only to the Appeals Council that existed prior to the date of the ALJ's hearing is also contrary to other treatment records, evaluations, and Worden's daily activities, and lacks a detailed analysis of the relationship between any mental limitations and any work impairments. Worden did not attempt to explain how additional evidence that did not even exist at the time of the ALJ's hearing demonstrated that she suffered from "severe" impairments at or before the date of the ALJ's hearing. *See Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). We agree with the Appeals Council that there was no "reasonable possibility" that the additional evidence would have changed the outcome of the administrative hearing. *See Luna v. Astrue*, 623 F.3d 1032, 1034 (9th Cir. 2010); *Mayes*, 276 F.3d at 462.

Worden has failed to demonstrate that the ALJ's decision was not supported by substantial evidence or was based on legal error, considering both the evidence before the ALJ and the additional evidence submitted only to the Appeals Council. *Taylor*, 659 F.3d at 1232; *Berry*, 622 F.3d at 1231.

**AFFIRMED.**