**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLEN GENE SEATON, | No. 12-16216 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01143-FJM |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, Senior District Judge, Presiding

Argued and Submitted April 11, 2014
San Francisco, California

Before: TALLMAN and CLIFTON, Circuit Judges, and DUFFY, District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Allen Seaton appeals the district court's order reversing the Administrative Law Judge (ALJ) and remanding Seaton's disability claim for further administrative proceedings. Seaton contends that the district court should have applied the credit-as-true rule and remanded for an immediate award of benefits. We review the district court's decision not to apply the credit-as-true rule for an abuse of discretion. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court applied the three-factor *Smolen* test, which is the correct legal rule in this circuit. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *see also United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (abuse of discretion standard).

Applying the *Smolen* test, the district court concluded that the ALJ needed to resolve conflicts between improperly rejected medical opinions. Two treating physicians opined on Seaton's exertional limitations. One opinion is consistent with disability; another suggests otherwise. If we credit both opinions as true, they conflict. It was not illogical, implausible, or without support from inferences in the record for the district court to defer to the ALJ the fact-finding task of determining which opinion is more true than the other. *See Hinkson*, 585 F.3d at 1262.

2

Seaton says that Dr. Crawford's medical opinion is unrebutted in its description of Seaton's pain-related mental limitations, and that Seaton's improperly rejected symptom testimony is consistent with Dr. Crawford's opinion. Pointing to our decision in *Benecke v. Barnhart*, 379 F.3d 587 (9th Cir. 2004), Seaton argues that we should forego the input of a vocational expert and determine disability as a matter of law. Our review, however, is confined by the abuse of discretion standard. The district court acted within its discretion by following the more common approach in this circuit of remanding for consultation by a vocational expert. *See, e.g.*, *Harman*, 211 F.3d at 1180 ("In cases where the testimony of the vocational expert has failed to address a claimant's limitations as established by improperly discredited evidence, we consistently have remanded for further proceedings rather than payment of benefits."); *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988) ("When a claimant's non-exertional limitations are sufficiently severe so as to significantly limit the range of work permitted by the claimant's exertional limitations . . . . the Secretary must take the testimony of a vocational expert." (citations and quotations omitted)).

Even if Seaton would be found to be disabled when the evidence at issue is credited, a remand for further proceedings is independently appropriate where, like here, "[t]he ALJ did not reach the issue of when [Seaton's] disability began, and

3

the evidence [he] wants credited does not identify a particular onset date." *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

AFFIRMED.