# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CARMEN CHRISTINA LUNA,
            *Plaintiff-Appellant,*

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,
            *Defendant-Appellee.*

No. 08-16852

D.C. No.
2:07-cv-00719-MHB

OPINION

Appeal from the United States District Court
for the District of Arizona
Michelle H. Burns, Magistrate Judge, Presiding

Argued and Submitted
January 12, 2010—San Francisco, California

Filed October 12, 2010

Before: Alex Kozinski, Chief Judge, J. Clifford Wallace and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Clifton

17043

**COUNSEL**

Mark Caldwell, Phoenix, Arizona, for the appellant.

John J. Tuchi, United States Attorney, Phoenix, Arizona; Lucille Gonzales Meis, Regional Chief Counsel, Region IX, Theophous H. Reagans, Special Assistant U.S. Attorney, and Shea L. Bond (argued), Special Assistant U.S. Attorney, Social Security Administration, San Francisco, California, for the appellee.

**OPINION**

CLIFTON, Circuit Judge:

Carmen C. Luna applied for disability insurance benefits and supplemental security income in October 2003, and her application was denied after an administrative law judge ("ALJ") found that she was not disabled. That decision is the subject of this appeal. Luna subsequently filed a second application for disability benefits, which was successful. The Commissioner identified Luna's disability onset date as the day after her first application was denied. The district court ordered the matter remanded to the agency for further administrative proceedings to reconcile the Commissioner's initial denial of benefits on the first application with the Commissioner's later award of benefits. Luna argues that the proper remedy is a remand with an order requiring the payment of benefits for the time period relevant to her first benefits application based on the Commissioner's subsequent disability finding. We disagree and affirm the district court's judgment.

## I.  Background

Luna applied for disability insurance benefits, under 42 U.S.C. §§ 401-34, and supplemental security income, under 42 U.S.C. §§ 1381-83f. She alleged a disability onset date of November 30, 2002. After her application was denied, Luna requested a hearing before an ALJ and amended her alleged disability onset date to March 26, 2003. The ALJ denied Luna's claims on January 27, 2006, determining that Luna's impairments — multiple injuries due to a car accident, bilateral osteoarthritis of her knees with pain and limited range of motion, morbid obesity, fluid retention, anxiety with stress, depression, right ulnar neuropathy, and personality disorder — were not severe enough to meet or medically equal those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. While Luna had not performed substantial gainful activity during the relevant period, the ALJ determined that Luna had the resid-

ual functional capacity to perform sedentary exertional work with restrictions. The ALJ also determined that Luna was limited to unskilled work that merely required simple reading, writing and mathematical tasks. The ALJ then concluded that Luna could return to her past relevant work as a screw sorter. The Appeals Council denied Luna's request for review. Luna then filed a complaint in district court.

While Luna's first application was pending on appeal, Luna filed a second application for disability insurance benefits and supplemental security income, which was granted by the Commissioner on August 20, 2007. The Notice of Award indicates that the Commissioner found Luna disabled as of January 28, 2006, which is one day after the date Luna was found not to be disabled based on her first application. Luna did not provide any further information about the second, successful application.

Before the district court the parties agreed that the case should be remanded to the agency to reconcile the denial of benefits based on Luna's first application with the grant of benefits based on her second application, but they did not agree on the terms of the remand. Luna argued that the Commissioner's grant of benefits in response to her second application clearly indicated that she was disabled for the earlier time period covered by her first application as well, so the proper remedy would be a remand ordering that benefits be paid for that earlier time period. The district court instead granted the Commissioner's motion and remanded for further administrative proceedings to reconsider whether Luna was actually disabled during the period of time relevant to her first application. Luna appealed.

## II. Discussion

[1] The district court remanded for resolution of factual issues pursuant to 42 U.S.C. § 405(g), which states, "[t]he court may, on motion of the Commissioner of Social Security

made for good cause shown . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." New evidence is material when it " 'bear[s] directly and substantially on the matter in dispute,' and if there is a 'reasonabl[e] possibility that the new evidence would have changed the outcome of the . . . determination.' " *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (alterations and omission in original) (quoting *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984)).

**[2]** The district court held that the finding of disability based on Luna's second benefits application was new and material evidence warranting remand for further factual consideration because it commenced at or near the time Luna was found not disabled based on the first application. The court cited a district court decision holding that an ALJ's award of benefits less than a week after the ALJ denied a claimant's first benefits application constituted "new and material evidence." *See Reichard v. Barnhart*, 285 F. Supp. 2d 728, 734 (S.D. W. Va. 2003). That case stands for the proposition that, "in certain circumstances, an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim." *Bradley v. Barnhart*, 463 F. Supp. 2d 577, 580-81 (S.D. W. Va. 2006) (emphasizing the "tight timeline" from the denial of benefits to the grant of benefits).

**[3]** We agree. The "reasonable possibility" that the subsequent grant of benefits was based on new evidence not considered by the ALJ as part of the first application indicates that further consideration of the factual issues is appropriate to determine whether the outcome of the first application should be different. *See Booz*, 734 F.2d at 1380-81.

**[4]** Although we have previously upheld the denial of a remand for further proceedings in somewhat similar circumstances, it was in a case where an initial denial and subsequent award were easily reconcilable on the record before the court. *See Bruton*, 268 F.3d at 827 ("In this case, Bruton's second application involved different medical evidence, a different time period, and a different age classification."). That is not true here. We cannot conclude based on the record before us whether the decisions concerning Luna were reconcilable or inconsistent. There was only one day between the denial of Luna's first application and the disability onset date specified in the award for her successful second application, but she may have presented different medical evidence to support the two applications, or there might be some other reason to explain the change. Given this uncertainty, remand for further factual proceedings was an appropriate remedy. *See Am. Bird Conservancy v. FCC*, 545 F.3d 1190, 1195 n.3 (9th Cir. 2008) ("The proper remedy for an inadequate record . . . is to remand to the agency for further factfinding.").

Luna also contends that the ALJ, in considering her first application, made several procedural errors by rejecting her symptom testimony and the opinions of a treating psychiatrist and an examining psychologist. She argues under the "credit-as-true" doctrine that the court should hold this evidence to be credible and remand with instructions for immediate award of benefits. *See, e.g., Lingenfelter v. Astrue*, 504 F.3d 1028, 1040-41 (9th Cir. 2007). But applying the rule is not mandatory when, even if the evidence at issue is credited, there are "outstanding issues that must be resolved before a proper disability determination can be made." *Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009). Here, there is such an outstanding issue: The ALJ did not reach the issue of when Luna's disability began, and the evidence she wants credited does not identify a particular onset date. *See Harman v. Apfel*, 211 F.3d 1172, 1178 n.7 (9th Cir. 2000). The district court did not err in remanding for further proceedings where "application of

the [credit-as-true] rule would not result in the immediate payment of benefits." *Vasquez*, 572 F.3d at 593.

## III. Conclusion

[5] The district court did not err when it remanded this case to the Commissioner of Social Security for further factual proceedings rather than for payment of benefits. We reach this conclusion whether we review de novo or for abuse of discretion. *See Harman*, 211 F.3d at 1176 n.5.

**AFFIRMED.**