**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 11 2012



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALAN J. SHAVIN,

           Plaintiff - Appellant,

  v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

           Defendant - Appellee.

No. 10-17254

D.C. No. 2:09-cv-01238-SRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted March 27, 2012
Tempe, Arizona

Before: McKEOWN, CLIFTON, and BYBEE, Circuit Judges.

      Alan Shavin brought an action pursuant to 42 U.S.C. § 405(g) to obtain

judicial review of the final determination of the Social Security Commissioner

denying his claim for disability benefits. Shavin filed an application for disability

insurance benefits, claiming that he was disabled because of cervical degenerative

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

disc disease and spinal stenosis. The Administrative Law Judge ("ALJ") issued a final order denying the application, finding that Shavin was not disabled within the meaning of the Social Security Act because he was capable of performing his past work. After the Appeals Council denied review, the district court affirmed the denial of benefits. Shavin appeals to this court. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

Shavin claims that the ALJ committed legal error because he failed to give the opinion of treating physician Dr. Rappoport controlling weight and instead incorrectly relied on the report of Dr. McPhee, a consulting physician. We agree. To reject the opinion of treating physician Dr. Rappoport, the ALJ must give "specific and legitimate reasons" for doing so, such as noting legitimate inconsistencies and ambiguities in the doctor's analysis, *Matney v. Sullivan*, 981 F.2d 1016, 1019–20 (9th Cir. 1992), or conflicting lab test results, reports, or testimony, *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995). Here, the ALJ rejected Dr. Rappoport's testimony for being (1) internally inconsistent, and unsupported due to (2) normal clinical findings, and (3) conservative treatment modalities. Those reasons, however, are not supported by the record.

First, Dr. Rappoport's opinions were internally consistent and were also consistent with treating physician Dr. Steinke's analysis. Although Dr. Rappoport

2

stated in 2005 that Shavin would qualify for social security, and then concluded in April 2007 that Shavin could work a full eight-hour day, the restrictions that Dr. Rappoport's 2007 opinion imposes on Shavin's ability to work would, according to the government's own vocational expert, prevent Shavin from performing his previous work, or any other work.

The ALJ's discussion of the clinical findings is also problematic. His findings that there was "no objective evidence of any nerve root irritation," and "no clinical findings to show any nerve root irritation," are undermined by the record. The May 2007 MRI report identifies "[c]ompromise of both axillary root sleeves" at C3-4 and C4-5, which could cause pain. Further, the ALJ's claim that the objective evidence remained "stable" is simply wrong. Of the six discs discussed in the 2003 and 2007 MRI reports, there is no discussion of change in two discs, C2-3 and C6-7, and C5-6 is identified as "marked" in 2003 and "more severe" in 2007. In addition, narrowing progressed from "[m]oderate-to-marked" in C3-4 and C4-5 in 2003 to severe in 2007. Finally, narrowing in C7-T1 appears for the first time in 2007. These inaccuracies undermine the ALJ's discussion of the clinical findings.

Finally, although the ALJ is correct that Shavin's treatment was comparatively conservative, the record shows that the only treatment available to

3

Shavin was drastic, invasive surgery that promised a limited prognosis. Although the ALJ correctly noted that Dr. Rappoport failed to refer Shavin to a neurosurgeon or pain specialist, it is unclear what purpose such referral would serve if there were no other non-surgical treatment options.

Instead of crediting Dr. Rappoport's opinions, the ALJ relied on the conclusion of Dr. McPhee that Shavin suffered from no debilitating condition. But Dr. McPhee's opinion is not "consistent with independent clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Dr. McPhee acknowledged that Shavin presented with only one complaint: spinal stenosis, but then diagnosed fibromyalgia, which is completely unsupported by the record and the objective evidence. Because Dr. McPhee's opinion is simply irrelevant to Shavin's complaint of spinal stenosis, his opinion should be disregarded.

On remand, the ALJ should (1) disregard the opinion of non-treating physician Dr. McPhee, (2) reconsider the opinion of Dr. Rappoport in light of the foregoing analysis, and (3) consider what effect, if any, Shavin's subsequent grant of benefits has on the denial of Shavin's first application. *See Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010) ("[F]urther consideration of the factual issues is appropriate to determine whether the outcome of the first application should be different.").

4

REVERSED AND REMANDED.