**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DUNG T. NGUYEN, | No. 10-17939 |
| Plaintiff - Appellant, | D.C. No. 5:09-cv-02916-JF |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Argued and Submitted December 19, 2012
Pasadena, California

Before:    ALARCÓN and SILVERMAN, Circuit Judges, and GARBIS, Senior
District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Marvin J. Garbis, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

Dung T. Nguyen appeals from the district court's decision granting summary judgment in favor of the Commissioner of Social Security ("Commissioner") and affirming the Commissioner's final decision, which concluded that Nguyen is not entitled to Disability Insurance Benefits or Supplemental Security Income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-434, 1381-1383. We have jurisdiction under 28 U.S.C. § 1291, and we vacate the district court's judgment and remand with instructions.

A disability claim may be remanded for consideration of new evidence "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Nguyen contends that this Court should remand his case for consideration of a subsequent, fully favorable, disability determination by a different administrative law judge ("ALJ"). Although Nguyen did not raise this contention before the district court or in his opening brief, we exercise our discretion to consider this issue because *Luna v. Astrue*, 623 F.3d 1032 (9th Cir. 2010), recently clarified this area of the law after the district court's decision and because the issue has been fully explored in the supplemental briefs filed by the parties pursuant to this Court's order and in oral argument. *See Merrick v. Paul Revere Life Ins. Co.*, 500 F.3d 1007, 1013 (9th Cir. 2007) (exercising its discretion

to consider a claim raised for the first time in a reply brief where "the appellee ha[d] not been misled and the issue ha[d] been fully explored"); *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (recognizing that there is an exception "to the general rule that the court will not consider an issue raised for the first time on appeal . . . when a new issue arises while appeal is pending because of a change in the law").

In *Luna*, a second ALJ issued a decision granting the claimant's subsequent application for disability benefits while her appeal of the denial of her first application was pending. 623 F.3d at 1034. The second ALJ determined that the onset date of her disability occurred one day after the initial ALJ issued his decision finding that she was not disabled. *Id.* This Court held that remand was appropriate under 42 U.S.C. § 405(g), where a subsequent, approved disability application had an onset date that was close in time to the denial under review and where it was unclear from the record whether the two decisions were reconcilable. *Luna*, 623 F.3d at 1034-35.

As in *Luna*, Nguyen was found to be disabled by a second ALJ shortly after the ALJ issued the decision denying benefits that is on appeal. Because "[w]e cannot conclude based on the record before us whether the decisions concerning [Nguyen] were reconcilable or inconsistent," *id.* at 1035, we reverse the district

court's grant of summary judgment in favor of the Commissioner and remand with instructions to remand this matter to the ALJ. In its remand order, the district court shall direct that the parties be allowed to present any new evidence submitted during the second proceeding that pertains to the period of disability for the first application. In addition, the district court shall direct the ALJ to reconsider whether Nguyen was actually disabled during the period of time relevant to his first application in light of any new evidence of disability.

**VACATED and REMANDED.**