FILED

SEP 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN SHANNON,

                Plaintiff - Appellant,

    v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

              Defendant - Appellee.

No. 11-56721

D.C. No. 5:10-cv-00359-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Alicia G. Rosenberg, Magistrate Judge, Presiding[**]

Submitted July 12, 2013[***]

Before: HUG, FARRIS, and LEAVY, Circuit Judges.

John Shannon appeals pro se from the district court's judgment affirming the

Commissioner of Social Security's ("Commissioner") denial of his applications for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Social Security disability insurance benefits and supplemental security income benefits under Titles II and XVI the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's decision upholding the denial of benefits. *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). We must affirm the denial of benefits unless it is based on legal error or the findings of fact are not supported by substantial evidence. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

At step five of the sequential evaluation process, the administrative law judge ("ALJ") concluded that Shannon could perform work that existed in significant numbers in the national economy. Shannon contends that the ALJ erred by ignoring the lay witness testimony. Although the ALJ erred by disregarding this testimony without comment, *see Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012), the ALJ's error is harmless. *See id*. at 1121-22 (error harmless when the same evidence the ALJ referred to in discrediting the claimant's testimony also discredits the lay witness's statements). Shannon also contends that the ALJ ignored evidence indicating there was no substantial work appropriate for him. Although a vocational expert testified that there were no jobs for a hypothetical individual with limitations to the extent claimed by Shannon, the ALJ offered

specific, clear and convincing reasons for rejecting Shannon's testimony about the extent of his limitations on which the expert's testimony was based. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). Accordingly, substantial evidence supports the ALJ's determination that the Commissioner carried his burden to prove that Shannon can engage in work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(v); *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). Shannon's remaining arguments regarding the ALJ's findings are without merit.

While this case was pending in the district court, Shannon filed a subsequent application for benefits for which he received a favorable decision, issued October 21, 2011. Shannon contends benefits should be granted in this case because the evidence submitted was also submitted in his subsequent case. Although remand may be appropriate where a subsequent, approved application had an onset date close in time to the denial under review, and it is unclear from the record whether the decisions are reconcilable, *Luna v. Astrue*, 623 F.3d 1032, 1034-35 (9th Cir. 2010), the claimed disability onset date in the present case is in 2007, and in the subsequent favorable case, the disability onset date is in 2010, which is not close in time to the present case. Additionally, the subsequent favorable case contained

11-56721

different medical evidence and Shannon's older age category.  Accordingly, a remand is unwarranted.

**AFFIRMED.**