**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MARILYN T. HOUSE, | No. 12-15028 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02065-NVW |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted March 10, 2014
San Francisco, California

Before: FARRIS, REINHARDT, and TASHIMA, Circuit Judges.

Marilyn House argues that the district court abused its discretion, *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000), in remanding her claim to the ALJ for further proceedings rather than for an award of benefits. We affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** It is not disputed that House suffered from fibromyalgia, lumbar spine degenerative disc disease, osteoarthritis of the hands, and diverticulitis.[1]  The question is whether these conditions were severe enough to prevent work and, if so, when they grew severe enough to render House disabled.[2]

We agree with the district court's conclusion that the ALJ failed to offer legally sufficient reasons for discrediting Dr. Fairfax, House's treating physician, and for adopting the opinion of Dr. Disney, who did not examine House.  We also agree with the district court that the ALJ failed to offer legally sufficient reasons for rejecting House's testimony about her symptoms.  Finally, we agree with the district court's conclusion that these errors were not harmless, as the ALJ acknowledged that if Fairfax or House were credited, the ALJ would be required to find that House was disabled, and then to calculate and award benefits.

**2.** As we explain in *Garrison v. Colvin*, the credit-as-true rule applies only when three conditions are met: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed

---

[1]  Because House died on December 16, 2010, this appeal concerns only the closed-period disability insurance benefits that her surviving children claim on her behalf.  *See* 20 C.F.R. § 416.542(b); 20 C.F.R. §§ 404.350 to 404.368.

[2]  We resolve many of the arguments raised by the parties concerning the credit-as-true rule in an opinion in *Garrison v. Colvin*, No. 12-15103, issued concurrently herewith.

to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." We further explain in *Garrison* that the third of these conditions "incorporates what we have sometimes described as a distinct requirement of the credit-as-true rule, namely that there are no outstanding issues that must be resolved before a determination of disability can be made."

**3.** Here, even if we were to credit as true both Fairfax's opinion and House's testimony, an analysis that would require us to conclude that House was, in fact, disabled, we could not determine from those credited-as-true opinions *when* House became disabled.[3] Social Security regulations make clear that determination of a disability onset date is a complex and fact-specific inquiry. *Titles II & XVI: Onset of Disability*, 1983-1991 Soc. Sec. Rep. Serv. 49 (S.S.A. 1983), 1983 WL

---

[3] House's treatment records from 2003 through 2005 reveal that her symptoms of chronic fatigue and fibromyalgia-associated pain began in that period and quickly increased in severity, but also show that these severe symptoms were effectively treated by medication for at least part of the period. Only in March 2008 did Fairfax opine that House suffered moderately severe impairments, an opinion that does not, on its face, purport to describe her level of impairment over the prior several years, but rather only her impairments as of March 2008. Nor did House, in her testimony, clarify exactly when her symptoms began or when they reached a level of severity sufficient to qualify her as disabled. Finally, neither the ALJ nor the vocational expert offered any opinion about when in time House's symptoms would have precluded her from work.

31249, at *2-3. And in cases like House's, "the onset date is critical; it may affect the period for which the individual can be paid and may even be determinative of whether the individual is entitled to or eligible for any benefits." *Id.* at *1.

This case is therefore controlled by *Regennitter v. Comm'r of Soc. Sec. Admin.*, in which we concluded that a claimant's testimony and her doctor's opinion should have been credited, and that doing so would have required a finding of disability and a remand for payment of benefits, but that the unresolved issue of that claimant's disability onset date prevented such a remand. *See* 166 F.3d 1294, 1300 (9th Cir. 1999); *see also Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010) (concluding that remand for an award of benefits under the credit-as-true rule was unwarranted due to the "outstanding issue" of "when Luna's disability began"). Accordingly, here, as in *Regennitter*, we "remand this case to the Commissioner for resolution of [the disability onset date issue], and for an ultimate disposition consistent with this [determination]." *See* 166 F.3d at 1300.

**AFFIRMED.**