**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| NANCY LOUISE NUNEZ, | No. 15-55537 |
| Plaintiff-Appellant, | D.C. No. 5:13-cv-02131-AGR |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Alicia G. Rosenberg, Magistrate Judge, Presiding

Submitted January 12, 2017[**]
Pasadena, California

Before: KOZINSKI, McKEOWN, and WATFORD, Circuit Judges.

We grant Nancy Nunez's motion to remand under 42 U.S.C. § 405(g).

On March 2, 2012, an administrative law judge (ALJ) denied Nunez's claim

for disability benefits. While Nunez's appeal from that decision was pending in

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

this court, a different ALJ granted Nunez's second application for benefits. This second application alleged a disability onset date of March 3, 2012, the day after Nunez's first application was denied.

The two proceedings had different outcomes because of conflicting vocational expert testimony. In the first proceeding, the vocational expert testified that Nunez's past work as a registered nurse required transferrable skills such as recordkeeping, organizational skills, and computer skills. That expert concluded that Nunez could work as an appointment clerk, an occupation with a substantial number of positions in the national economy. In the second proceeding, a different vocational expert testified that Nunez had nursing skills and patient care skills. That expert found that, as a result, Nunez could work only as a cardiac monitor technician, a job with few positions in the national economy. Relying on the testimony of their respective vocational experts, the two ALJs reached opposite conclusions about whether Nunez was eligible for disability benefits.

Remand is appropriate under 42 U.S.C. § 405(g) when the onset date of a successful application closely follows a denial of benefits, and when the initial denial and subsequent award are not easily reconcilable on the record before the court. *See Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010). Nunez's first application was denied only one day before the onset date of her second

application, and we cannot easily reconcile the inconsistent testimony from the vocational experts on the record before us. Therefore, "further consideration of the factual issues is appropriate" to determine whether Nunez's first application should have been granted. *Id.*

We remand to the district court with instructions to remand to the Commissioner for further proceedings. We do not reach any of the other issues raised in this appeal.

**VACATED AND REMANDED.**