**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

SEP 25 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT W. SCHOFIELD, | No. 14-35454 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-05228-JRC |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
J. Richard Creatura, Magistrate Judge, Presiding

Submitted September 17, 2017 **

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges

Robert Schofield appeals the district court's order affirming an

administrative law judge's April 4, 2012 denial of Social Security disability

benefits. While the April 4, 2012 decision was on appeal to this court, a second

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

ALJ granted benefits beginning the next day, on April 5, 2012. In light of the favorable decision, Schofield also seeks a remand for the agency to reconcile the decisions.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review for substantial evidence. *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014). Remand to the agency is appropriate if we cannot reconcile the decisions on the record. *Luna v. Astrue*, 623 F.3d 1032, 1034-35 (9th Cir. 2010). We grant the motion to remand and reverse and remand for the agency to reconsider the first decision and to reconcile its decisions. We also grant the motion for judicial notice.

Schofield argues that the adverse decision on appeal in this case cannot be reconciled with the second ALJ's decision granting benefits effective one day after the first ALJ's denial of benefits. We agree. The ALJs considered the same age category of closely approaching advanced age and the same medical conditions, but reached different results with only one day separating the decisions. Rejecting five treating opinions by three separate providers that Schofield had the residual functional capacity to perform sedentary work, the first ALJ found that Schofield could perform light work on April 4, 2012. In contrast and consistent with the five treating opinions rejected by the first ALJ, the second ALJ found that Schofield could perform sedentary work on the next day, April 5, 2012. No evidence in the

2

record can reconcile the finding that Schofield could perform light work on April 4, 2012 with the finding that Schofield could perform sedentary work on April 5, 2012.

In addition, the first ALJ rejected the treating opinions in favor of a record review opinion that did not consider the last year of medical evidence. That medical evidence contained another treating opinion that limited Schofield to sedentary work and documented Schofield's deteriorating condition. The record review opinion was not "consistent with independent clinical findings or other evidence in the record" and could not provide substantial evidence to support the first ALJ's light work residual functional capacity assessment. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (opinions of non-treating and non-examining physicians who review medical records may provide substantial evidence if "the opinions are consistent with independent clinical findings or other evidence in the record"); *cf. Hill v. Astrue*, 698 F.3d 1153, 1160-61 (9th Cir. 2012) (holding that a non-treating, non-examining medical consultant's opinion that failed to consider more recent evidence and was inconsistent with the record did not provide substantial evidence to support the ALJ's decision).

The error was not harmless. Had the first ALJ accepted any of the treating opinions that Schofield had the residual functional capacity to perform sedentary

work, Rule 201.14 of the Medical-Vocational Guidelines would have dictated a finding of disabled when Schofield turned 50 and entered the category of closely approaching advanced age, over a year prior to the first administrative hearing. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.14.

Because the residual functional capacity assessment was not supported by the record, neither are the step four and five findings. *Hill*, 698 F.3d at 1161-62.

**REVERSED AND REMANDED.**