
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TINA JOHNSON, | No. 15-35059 |
| Plaintiff-Appellant, | D.C. No. C13-5925-JCC |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted December 19, 2017**

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Tina Johnson appeals the district court's affirmance of the Commissioner of

Social Security's denial of her application for disability insurance benefits under

Titles II and XVI of the Social Security Act.  We have jurisdiction under 28 U.S.C.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The administrative law judge ("ALJ") did not err in discounting the global assessment of functioning ("GAF") score Dr. Coder assigned to Johnson because the ALJ provided specific and legitimate reasons, supported by substantial evidence, for doing so. *See Ryan v. Comm'r Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citation omitted). The ALJ stated he discounted the GAF score for the following reasons: (1) it was not sufficiently explained or supported by the record, and it was unclear from the evidence whether the GAF score reflected Johnson's functionality, Johnson's self-described symptoms, or both, which affects the score's relevancy for assessing the claimant's residual functional capacity ("RFC"); (2) the score was based in part on claimant's statements concerning her functionality, which the ALJ found less than fully credible; and (3) a Federal Register notice published by the Social Security Administration explained the GAF scale does not directly correlate with the requirements of the agency's mental disorder listings, *See* 65 Fed. Reg. 50746-01 at 50764-65. In addition, the ALJ afforded "great weight" to the other descriptive portion of Dr. Coder's opinion and incorporated it into the analysis of Johnson's RFC.

The ALJ did not err in finding that Johnson's allegations regarding the severity of her symptoms and limitations were not entirely credible. The ALJ performed the required two-step analysis and explained that Johnson's statements concerning her difficulties with walking, standing, memory, and other limitations were contradicted by the medical evidence, by inconsistencies in her testimony, and by her daily activities, namely managing her own personal care, meals, and chores, going outside daily, driving a car, grocery shopping, managing her savings account and paying bills, as well as hobbies such as reading, camping, fishing, watching television (five hours at a time, whether or not while sitting is unclear), and walking her dog. *See Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012). These reasons were specific, clear, and convincing, and they adequately supported the credibility finding. *Id*. at 1112.

Moreover, in challenging the ALJ's credibility finding, Johnson failed to make her argument with any specificity, as required to preserve the issue on appeal. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). As a result, the Court is not required to address counsel's perfunctory argument.

The evidence from Dr. Gritzka, submitted to and considered by the Appeals Council, did not undermine the substantial evidence upon which the ALJ based this

3

decision. To the extent that Dr. Gritzka's evidence summarizes claimant's medical records preceding the ALJ's decision, Johnson's other medical providers already evaluated this evidence, and the ALJ already considered and factored their opinions into his decision. To the extent that Dr. Gritzka's opinion is based upon his examination of and interview with Johnson, this evidence post-dates the ALJ's decision and is not relevant because it does not "relate to the period on or before the ALJ's decision." *See Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012) (citing 20 C.F.R. § 404.970).

The lay witness evidence from Johnson's mother, Evelyn Lewis, also submitted to and considered by the Appeals Council, did not undermine the ALJ's decision. Ms. Lewis' lay witness statement was similar to the claimant's testimony. Further, the ALJ discounted Johnson's similar testimony for lack of credibility. When an ALJ provides clear and convincing reasons for rejecting a claimant's testimony, and a lay witnesses's testimony is similar to the claimant's testimony, the ALJ may reject the lay witness testimony for the same reasons he rejected the claimant's testimony because such reasons are germane for rejecting the lay witness testimony. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009)). Because the ALJ properly discounted claimant's similar testimony, it is unlikely the new evidence from Ms. Lewis "would have changed

4

the outcome of the . . . determination." *See Luna v. Astrue*, 623 F.3d 1032, 1034 (9th Cir. 2010).

**AFFIRMED**.