NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 1 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRAD BLANSETTE, | No.    16-15488 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00643-NVW |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted April 27, 2018[**]

Before:     FARRIS, CANBY, and LEAVY, Circuit Judges

Brad Blansette appeals pro se the district court's judgment affirming the

Commissioner of Social Security's denial of Blansette's application for disability

insurance benefits under Title II of the Social Security Act.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo, *Brown-Hunter v. Colvin*, 806 F.3d

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

487, 492 (9th Cir. 2015), and we affirm.

Blansette waived any challenge to the Administrative Law Judge's ("ALJ")
rejection of his testimony by failing to raise the issue before the district court. *See
Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006). Blansette further waived
any contention that the ALJ failed to properly develop the record, or any
contention of error at steps two or three, by failing to raise the issues before the
district court. *See id.* We note, however, that substantial evidence supported the
ALJ's rejection of Blansette's description of the severity of his symptoms in light
of his reported daily activities, and his frequent failure to comply with
recommended or prescribed treatment. *See Molina v. Astrue*, 674 F.3d 1104, 1112-
14 (9th Cir. 2012).

The ALJ provided several specific and legitimate reasons to reject Dr.
Campbell's opinion: inconsistency with other objective medical evidence in the
record, reliance on Blansette's unreliable self-reports, and inconsistency with Dr.
Campbell's own unremarkable examination findings. *See Tommasetti v. Astrue*,
533 F.3d 1035, 1041 (9th Cir. 2008) (reliance on self-reports and inconsistency
with the physician's own treatment notes); *Batson v. Comm'r of Soc. Sec. Admin.*,
359 F.3d 1190, 1195 (9th Cir. 2004) (inconsistency with other objective medical
evidence). Any error in relying on additional reasons was harmless. *See Molina v.
Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error is harmless where it is

inconsequential to the nondisability determination).

By limiting Blansette to simple tasks with only occasional changes in work setting, occasional interaction with the public and co-workers, and no fast-paced production demands, the ALJ reasonably assessed specific functional limitations based on the opinions provided by Dr. Gandhi and Dr. Janssen. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (affirming the ALJ's assessment of specific limitations in the RFC when supported by substantial evidence).

Substantial evidence supports the ALJ's conclusion that Blansette was not disabled based on the testimony of the Vocational Expert (VE). The ALJ properly relied upon the VE's testimony rather than Grid Rule 201.14 to conclude that Blansette was not disabled because Blansette did not meet the criteria for the Grid Rule. *See Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) (explaining that the ALJ properly relies upon a VE's testimony when the claimant fails to satisfy the criteria for a Grid Rule). The VE properly identified a significant number of jobs that Blansette could perform. *See Guttierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) (concluding that 25,000 jobs nationwide is significant). The ALJ did not err by failing to credit the VE's testimony in response to a hypothetical question that was unsupported by the record.

Remand to the Commissioner to consider new evidence is inappropriate

16-15488

because Blansette fails to show that the new evidence is material when it post-dates the relevant period and does not include any new functional limitations. *See Luna v. Astrue*, 623 F.3d 1032, 1034 (9th Cir. 2010) (explaining that evidence is material when it bears directly on the matter and there is a reasonable possibility that it would have changed the outcome).

**AFFIRMED.**