**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEONARD CARTER, | No. 16-36083 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00688-JRC |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
J. Richard Creatura, Magistrate Judge, Presiding

Submitted September 18, 2018[**]

Before:     CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges

Leonard Carter appeals pro se the district court's decision affirming the

Commissioner of Social Security's denial of Carter's application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015), and we affirm.

The ALJ provided clear and convincing reasons to reject the opinions of treating psychiatrist, Dr. Hopfenbeck. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (explaining that clear and convincing reasons are required to reject the uncontradicted opinion of a treating physician). First, the ALJ properly rejected Dr. Hopfenbeck's opinions as inconsistent with Carter's daily activities, including Carter's participation on the Martin Luther King commemoration planning committee and Carter's ability to travel by plane. *See Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (concluding that the ALJ can properly reject a treating physician's opinion that is inconsistent with a claimant's daily activities). Substantial evidence supported the ALJ's conclusion that these activities required a level of social interaction that was inconsistent with Dr. Hopfenbeck's opinions that Carter's paranoid delusions inhibited any social interaction. Second, the rejection by the ALJ of Dr. Hopfenbeck's opinions regarding social interaction was sufficiently supported as inconsistent with Carter's ability to interact with classmates and avoid any disciplinary problems while earning a two-year welding degree and taking classes in electrical engineering. *Cf. Bayliss*, 427 F.3d at 1216 (including ability to complete a college degree despite limitations in list of clear

16-36083

and convincing reasons that the ALJ properly relied on to reject an examining physician's opinion).

The ALJ provided germane reasons for giving little weight to Ms. Meinecke's opinion regarding Carter's physical limitations. *See Ghanim*, 763 F.3d at 1161 (explaining that an ALJ must give germane reasons for rejecting a nurse's opinion). The ALJ found that Carter's daily activities, including riding his bike and going to the gym, were inconsistent with Ms. Meinecke's opinion. *See Bayliss*, 427 F.3d at 1218 (including inconsistency with daily activities in germane reasons to reject lay testimony).

Carter fails to satisfy the standard for a remand to consider new evidence based on the letter from Dr. Brown. *See Luna v. Astrue*, 623 F.3d 1032, 1034 (9th Cir. 2010) (permitting remand to the Commissioner based on new evidence when the evidence is material and the claimant shows good cause for failing to provide the evidence earlier). Dr. Brown's letter is not material because it offers only conclusory statements discussing no additional functional limitations. *See Luna*, 623 F.3d at 1034 (explaining that evidence is material if there is a reasonable possibility that it would have changed the outcome). Carter also fails to establish good cause because he offers no explanation for why this evidence was not available earlier. *See Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001) ("A

claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied.").

Carter waived any claims regarding the Cooperative Disability Investigations Unit report, the ALJ's credibility determination regarding Carter's testimony, or any other evidence by failing to argue any claim in his opening brief. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (concluding that this Court will not consider issues that are not specifically argued in a claimant's opening brief).

**AFFIRMED.**