NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAIME MEDINA,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>Defendant-Appellee. | No. 17-17344<br><br>D.C. No. 2:16-cv-00462-JJT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted December 9, 2020[**]

Before: LEAVY, CLIFTON, and BYBEE, Circuit Judges.

Jaime Medina appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

Social Security Act (Act). We have jurisdiction under 28 U.S.C. § 1291 and 42

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The Administrative Law Judge (ALJ) did not err in evaluating the medical record, and substantial evidence supports the ALJ's finding that the results of imaging, diagnostic tests, and physical examination were "unremarkable." *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (this court may "reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard").

The ALJ considered the requisite factors and applied the correct legal standard in evaluating the medical opinion evidence. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). The ALJ did not err by rejecting multiple opinions from Dr. Bauch, Medina's primary care physician, and assigning significant weight to the opinion of Dr. Quinones, a non-examining medical advisor, where the ALJ considered the requisite factors and explained that Dr. Quinones' opinion was more consistent with the record than Dr. Bauch's opinions. *See id.*; 20 C.F.R. § 404.1527(c), (f).

The ALJ provided specific and legitimate reasons for rejecting Dr. Bauch's opinions as unsupported by and inconsistent with the record, based on Medina's subjective complaints, and inconsistent with Medina's activities. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (ALJ may reject an opinion that is

"inconsistent with the medical records" or based on the claimant's properly discredited complaints); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (ALJ need not accept an opinion that is "inadequately supported by clinical findings"); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (ALJ may reject a medical opinion as inconsistent with the claimant's reported activities). Any error in the ALJ's additional reasons was harmless. *See Molina*, 674 F.3d at 1115 (error is harmless where it is inconsequential to the ultimate non-disability determination).

The ALJ did not err in formulating Medina's residual functional capacity (RFC). Medina's arguments concerning the RFC repeat her allegations that the ALJ erred in evaluating the medical evidence and the medical opinions. Because Medina did not show error in the earlier analyses, these arguments lack support. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

The ALJ provided specific, clear, and convincing reasons to discount Medina's testimony, including a lack of corroborating evidence, inconsistent symptom reports, inconsistency with Medina's decision to undertake international travel, and because Medina declined medication. *See Molina*, 674 F.3d at 1112 (an ALJ may discount symptom testimony based on inconsistencies); *Tommasetti,* 533 F.3d at 1039-40 (ALJ provided clear and convincing reasons to discount claimant's testimony, including the claimant's inadequately explained failure to follow a

17-17344

course of treatment, inconsistent symptom reporting, and the claimant's decision to undertake international travel); *Burch v. Barnhardt*, 400 F.3d 676, 681 (9th Cir. 2005) (an ALJ may cite a lack of corroborating medical evidence as one factor in the credibility determination). Any error in the ALJ's further reasons was harmless. *See Molina*, 674 F.3d at 1115.

We deny Medina's request for remand based on the award of benefits in her subsequent application because the second ALJ reconciled the grant of benefits with the previous denial.[1] *See Bruton v. Massanari,* 268 F.3d 824, 827 (9th Cir. 2001) (no error in denying remand where the second application involved "different medical evidence" and was "not inconsistent" with the denial of the initial application); *see also Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010) (remanding where the record was insufficient to determine if the first and second agency decisions "were reconcilable or inconsistent").

**AFFIRMED.**

---

[1] We grant the Commissioner's motion to take judicial notice of the February 15, 2017 decision (Docket Entry No. 30). *See* Fed. R. Evid. 201(b)(2) (court may judicially notice a fact that is not subject to reasonable dispute); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (judicial notice of previous proceedings appropriate to determine "what issues were actually litigated").