**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 31 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LISA DARLENE REA,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.    19-35515

D.C. No. 3:18-cv-01009-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted March 31, 2022[**]

Before:  D.W. NELSON, BRESS, and BUMATAY, Circuit Judges.

Lisa Rea ("Rea") appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo.  *Ford v. Saul*, 950 F.3d 1141, 1153-

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

54 (9th Cir. 2020) (quotation omitted). We vacate and remand for further proceedings.

On April 24, 2017, an administrative law judge ("ALJ") denied Rea's claim for disability benefits. While Rea's appeal from that decision was pending in this Court, a different ALJ granted Rea's second application for benefits. This second application alleged a disability onset date of April 25, 2017, the day after Rea's first application was denied.

It appears that the two proceedings had different outcomes largely due to conflicting vocational expert testimony. Specifically, the vocational expert in the first decision testified that Rea's past relevant work consisted of a retail store manager. The vocational expert in the second decision testified that Rea's past relevant work consisted of a composite job with two components—a retail store manager and a stocking clerk. Although the second ALJ decision was based on some new medical evidence that was not introduced at the hearing before the first ALJ, the decisions were largely based on the same long-standing medical conditions and subjective symptom testimony from Rea. Relying on this evidence and the testimony of their respective vocational experts, the two ALJs reached different conclusions about whether Rea was disabled.

Remand is appropriate under 42 U.S.C. § 405(g) when the onset date of a successful application closely follows a denial of benefits, and when the initial

2

denial and subsequent award are not easily reconcilable on the record before the Court. *See Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010). Rea's first application was denied only one day before the onset date of her second application, and we cannot easily reconcile the discrepancies between the two decisions and the seemingly inconsistent testimony from the vocational experts on the record before us. Therefore, "further consideration of the factual issues is appropriate" to determine whether Rea's first application should have been granted. *Id*.

We remand to the district court with instructions to remand to the Commissioner for further proceedings. We do not reach any of the other issues raised in this appeal.

**VACATED AND REMANDED.**