**NOT FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| NANCY COGGESHALL, | No. 18-16137 |
| Plaintiff-Appellant, | D.C. No.<br>2:17-cv-01299-KJD-NJK |
| v. | |
| KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted May 9, 2022
San Francisco, California

Before: W. FLETCHER and BUMATAY, Circuit Judges, and SILVER,[**] District
Judge.
Dissent by Judge BUMATAY

Nancy Coggeshall appeals from the district court's affirmance of a decision

of the Commissioner of the Social Security Administration denying her application

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Roslyn O. Silver, United States District Judge for the
District of Arizona, sitting by designation.

for supplemental security income under the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. "We review the district court's order affirming the [administrative law judge's ("ALJ")] denial of social security benefits *de novo*, and reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) (citations omitted). We reverse and remand for further proceedings.

The ALJ's decision to assign no weight to Dr. Gisler's opinion is not supported by substantial evidence. "'[I]f [a] treating doctor's opinion is contradicted by another doctor,' the ALJ may discount the treating physician's opinion by giving 'specific and legitimate reasons' that are supported by substantial evidence in the record." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). The ALJ gave no weight to Dr. Gisler's opinion on the grounds that "there are no treatment records" of Dr. Gisler, and that Dr. Gisler's opinion "is not consistent with other substantial evidence of record" because "the limitations set forth in th[e] opinion are so extreme as to appear implausible."

However, the ALJ erred in concluding that there are no treatment records of Dr. Gisler. The ALJ simply missed them in the administrative record. Further,

substantial evidence does not support the finding that Dr. Gisler's opinion is extreme and therefore implausible. Dr. Gisler indicated that Coggeshall could not lift or carry any amount of weight, and could not bend, squat, crawl, climb, or reach above shoulder level. The question posed to Dr. Gisler is whether Coggeshall can perform those actions "*for* an 8-hour day, 5 days a week *in a consistent and ongoing manner*" (emphasis added). (The analogous questionnaires in the administrative record, given to other medical evaluators, asked whether and how often Coggeshall can perform the actions "in" an 8-hour day.) Because Dr. Gisler's opinion only indicates that Coggeshall cannot perform the listed actions consistently for the entire duration of an 8-hour day, it is neither extreme nor implausible. The ALJ thus has not provided "specific and legitimate reasons" for completely discounting Dr. Gisler's opinion. *Id.* (quoting *Lester*, 81 F.3d at 830).

Further, under 42 U.S.C. § 405(g), remand is appropriate where the onset date of a successful application closely follows a denial of benefits for an earlier period, and where the initial denial and later award are not easily reconcilable on the record before us. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010). The ALJ denied Coggeshall's first application for supplemental security income on September 15, 2015, with an onset date of June 12, 2013. Another ALJ later awarded benefits to Coggeshall with an onset date of September 16, 2015. The

3

second ALJ noted Coggeshall's Lyme disease diagnosis and found "persuasive" the opinion of Dr. Sparks. Dr. Sparks, in turn, had relied on the opinion of Dr. Gisler, to which the first ALJ assigned no weight. The initial denial and later award are not easily reconcilable on the record before us. We thus REVERSE and REMAND for further proceedings. Although it is a close question, we DENY Coggeshall's motion to remand with direction to calculate and pay benefits (Dkt. No. 33).

**REVERSED AND REMANDED.**

*Nancy Coggeshall v. Kijakazi*, No. 18-16137
BUMATAY, Circuit Judge, dissenting:

I dissent because the panel majority nickels-and-dimes the ALJ's decision and misapplies our precedent on remands.

The panel majority fails to apply the highly deferential substantial evidence standard. Substantial evidence is a low bar that requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). That bar is clearly met here. In giving Dr. Gisler's opinion no weight, the ALJ explained that the opinion on Coggeshall's limitations was so extreme as to appear implausible. Dr. Gisler reported that beginning in 2009, Coggeshall couldn't lift or carry any amount of weight and couldn't sit, stand, and walk for more than an hour. But this opinion clashed with Coggeshall's own testimony that she worked through 2013 and spent 4–6 hours sitting each day.

The panel majority claims that because the questionnaire posed to Dr. Gisler used the preposition "for" instead of "in," the ALJ's extreme and implausible rationale cannot be credited. Majority 3. That's a misreading of the evidence. The questionnaire clearly asked Dr. Gisler to explain how many hours Coggeshall could perform each task within a standard workday. And Dr. Gisler gave her opinion based on that clear question. But even if the use of "for" created some ambiguity as to how Dr. Gisler understood the questionnaire, the ALJ's interpretation must be conclusive.

That's black letter law. "[W]hen the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111.

There's also no reason to remand under 42 U.S.C. § 405(g) because the two proceedings were based on changed circumstances. In the second proceeding, the ALJ noted that Coggeshall presented "*changed* circumstances, namely a change in age category along with allegations and evidence showing *worsening* of her impairments and *new impairments* not considered in the prior final decision." Part of those changes included worsening physical conditions and a new cancer diagnosis. Under these circumstances, we should've denied remand like we've done before. *See Bruton v. Massanari*, 268 F.3d 824, 826–27 (9th Cir. 2001) (rejecting a remand request based on an award of benefits starting from one day after the denial of an initial application for benefits because the "second application involved different medical evidence, a different time period, and a different age classification").

I respectfully dissent.