NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACK P. MILOJEVICH, | No. 23-35536 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-01144-GJL |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Grady J. Leupold, Magistrate Judge, Presiding

Submitted August 21, 2024**
Portland, Oregon

Before: CHRISTEN, NGUYEN, and HURWITZ, Circuit Judges.

Jack Milojevich appeals the district court's judgment affirming the denial by

the Commissioner of Social Security of an application for social security disability

benefits. We have jurisdiction under 28 U.S.C. § 1291. We vacate the district

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's judgment and remand with instructions.

On July 13, 2014, after the briefing on appeal was completed, a second Administrative Law Judge ("ALJ") granted Milojevich benefits. That ALJ found him disabled since May 27, 2021, one day after the unfavorable decision on appeal was entered. We have previously noted that "in certain circumstances, an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim." *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010) (cleaned up), *see also* 42 U.S.C. § 405(g) (authorizing a remand to consider additional evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding").

The Commissioner argues that remand is not warranted because the second favorable decision is based on different medical evidence about a different time period. To the contrary, the second ALJ relied on the opinions of many of the same doctors—none of whom reviewed any updated medical records—that the first ALJ considered. Although the second ALJ references some new medical evidence, it is neither obvious from that ALJ's opinion what this new medical evidence was nor was it provided to this court. As in *Luna*, we "cannot conclude based on the record before us whether the decisions concerning [Milojevich] were

2

reconcilable or inconsistent." *Luna*, 623 F.3d at 1035. "Given this uncertainty, remand for further factual proceedings [is] an appropriate remedy." *Id.* Therefore, we vacate the district court's summary judgment in favor of the Commissioner and remand with instructions to remand to the ALJ. The district court shall direct the ALJ to (1) allow the parties to present any new evidence submitted during the second proceeding that pertains to the first application's period of disability, and (2) reconsider whether Milojevich was disabled during the time period relevant to his first application in light of any new evidence.

Each party shall bear its own costs.

**VACATED and REMANDED.**