**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID VAN GILDER, | No.   16-55338 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-05909-SP |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Sheri Pym, Magistrate Judge, Presiding

Submitted November 16, 2017**
Pasadena, California

Before:  NGUYEN and HURWITZ, Circuit Judges, and SEEBORG,*** District Judge.

David  Van  Gilder  appeals  the  district  court's  affirmance  of  the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

Commissioner's denial of his applications for Social Security Disability Insurance Benefits and Supplemental Security Income. We affirm in part and remand in part.

1. The Administrative Law Judge (ALJ) erred at step three by failing to cite any evidence to substantiate her finding that Van Gilder's impairment did not meet or equal one listed in Appendix 1. 20 C.F.R. pt. 404, subpt. P, app. 1; *see Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). But, this error was harmless because the ALJ found in her step-four analysis that Van Gilder could ambulate at least 100 feet without assistance, and each listed impairment at issue requires that the applicant have an "inability to ambulate effectively." 20 C.F.R. pt. 404, subpt. P, app. 1.

2. An ALJ must offer "specific, clear and convincing reasons" for rejecting a claimant's pain testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). The ALJ did so, finding that Van Gilder's daily routine and sporadic treatment history undermined his testimony. Gaps in medical treatment "may be the basis for an adverse credibility finding" unless a claimant fails to seek treatment because of inadequate funds, *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007), and the ALJ noted that Van Gilder failed to seek treatment despite the availability of "reduced pay or free treatment at any clinic."

Van Gilder argues that the ALJ erroneously relied on his unemployment benefits and an accompanying declaration that he was able and willing to work. Although a failed work attempt may not alone provide a clear and convincing reason

2

for rejecting pain testimony, *see Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007), such evidence can be used, as here, to assess a claimant's credibility, *see Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

3.  The district court correctly found the ALJ's failure to specifically address the testimony of Van Gilder's mother to be harmless error. The testimony was consistent with the ALJ's conclusions. *See Molina v. Astrue*, 674 F.3d 1104, 1115–17 (9th Cir. 2012).

4.  The ALJ erred by failing to make specific findings connecting Van Gilder's residual functional capacity (RFC) to his past work. After determining a claimant's RFC, the ALJ must determine whether a claimant can perform the demands of his previous employment or other jobs available in the national economy. 40 C.F.R. § 404.1545(a)(5); *see Pinto v. Massanari*, 249 F.3d 840, 844–45 (9th Cir. 2001). The ALJ made no such specific findings. We therefore remand for the ALJ to make specific findings regarding whether Van Gilder's RFC allows him to perform his previous employment or other jobs available in the national economy. 40 C.F.R. § 404.1545(a)(5). The ALJ should also make specific findings on whether Van Gilder's potential mental impairments prevent him from performing past relevant work.

5.  Van Gilder also argues that his subsequent successful disability application contains new, material evidence that warrants remand. Remand is required when

the decisions granting and denying benefits are inconsistent, *see Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010), and evidence submitted after the ALJ's initial decision can be considered if it "relates to the period on or before the ALJ's decision." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012). But, Van Gilder's subsequent successful disability application did not present new, material evidence relating to the period before the ALJ's decision. The subsequent disability finding notes that it did not adopt the previous decision because Van Gilder's condition subsequently worsened, and the subsequent application presented evidence related to periods after the first determination.

**AFFIRMED in part; REMANDED in part**. Each party shall bear its own costs.