NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VIVIAN CIRRICIONE, | No. 19-55504 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-07107-MWF-JEM |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted December 8, 2020
Pasadena, California

Before: THOMAS, Chief Judge, O'SCANNLAIN, Circuit Judge, and EZRA,**
District Judge.

Vivian Cirricione ("Cirricione") challenges the Commissioner of Social

Security's denial of Social Security Disability Insurance benefits and Supplemental

Social Security Income benefits based on her mental illness with an alleged onset

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

date of January 15, 2012. She filed suit in the district court after the Commissioner of Social Security ("Commissioner") initially denied her application on February 10, 2015, an Administrative Law Judge ("ALJ") held a hearing and denied her application again on January 4, 2017, and finally the Appeals Council denied review on August 18, 2017. Upon report and recommendation of the Magistrate Judge, the district court affirmed the Commissioner's decision. We have jurisdiction under 28 U.S.C. § 1291 and review the district court's decision *de novo*. *Webb v. Barnhart*, 433 F.3d 683, 685–86 (9th Cir. 2005). The ALJ's factual findings are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). In a separate Order, we granted Cirricione's Motion to Take Judicial Notice of a subsequent decision in which the Commissioner[1] determined that Cirricione was disabled as of January 7, 2018. We vacate and remand for the ALJ to reconsider, in light of the subsequent decision, Cirricione's status for the period of January 15, 2012, to January 6, 2018.

Cirricione is a thirty-four (34) year-old woman with a high school education and some college who suffered abuse as a child and from her ex-husband during and after a short marriage. At various times since the onset of her alleged disability she has been diagnosed with post-traumatic stress disorder ("PTSD"),

---

[1] The subsequent decision came from a different ALJ within the Social Security Administration.

bipolar disorder, mood disorder, depression, anxiety, eating disorder, borderline personality disorder ("BPD"), and polysubstance abuse in partial remission. Between 2012 and 2014, Cirricione was incarcerated on multiple occasions for crimes involving methamphetamines, hospitalized for drug abuse and suicidal ideation, and treated by various medical personnel at the Ventura County Jail, Vista Ventura Telecare, and Anka Behavioral Health.

On November 21, 2014, and February 5, 2015, non-treating state medical consultants, Drs. E. Aquino-Caro and R. Ferrell, respectively, reviewed Cirricione's medical records from these facilities and reported mild-to-moderate social, memory and concentration limitations but an ability to "perform simple repetitive tasks on a sustained basis." After the state evaluations, Cirricione began treatment with Dr. Nomi Fredrick at Vista Ventura in February 2015, and later switched to her current psychiatrist, Dr. Dmitriy Shmaryan, at the Ventura County Behavioral Health Department ("VCBHD") in September 2015. While at VCBHD, Cirricione also began seeing licensed social worker Amy Maiman bi-weekly for therapy. Drs. Fredrick and Shmaryan documented modest improvement and stabilization with Cirricione's sobriety, medication, and therapy, but the treating physicians and LCSW Maiman all characterized Cirricione's working capacity as more severely limited than did non-treating state physicians, Drs. Aquino-Caro and Ferrell. In eight of twenty categories (mostly related to

social functioning and concentration), one or both treating physicians opined that Cirricione was limited for 15% or more of an eight-hour workday—the highest level of limitation. LCSW Maiman also attributed this limitation level to Cirricione in five additional categories.

The ALJ was required to provide "specific and legitimate reasons" for rejecting the opinions of the treating physicians and "germane" reasons for rejecting that of a licensed social worker. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017); *Revels v. Berryhill*, 874 F.3d 648, 665–66 (9th Cir. 2017). He gave "little weight" to the opinions of Drs. Fredrick and Shmaryan and "no weight" to that of LCSW Maiman because he deemed their opinions inconsistent with objective medical evidence in the record. The ALJ cited Cirricione's "routine and conservative" treatment, reported improvement and stability, and regular activities like volunteering, attending drug and alcohol recovery group meetings, exercising, and playing video games as such evidence.

Under this Circuit's precedent, the ALJ applies a two-step analysis to assess a claimant's credibility for symptom severity. *See Trevizo*, 871 F.3d at 678. Once the claimant "has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged," then, absent evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific,

4

clear and convincing reasons for doing so." *Id.* Notably, this standard is "the most demanding required in Social Security cases." *Id.*

The ALJ discredited Cirricione's testimony under the second *Trevizo* step because her symptoms were "not entirely consistent with the medical evidence and other evidence in the record." In support of this finding, the ALJ mistakenly stated that Cirricione "graduated from the University of Michigan" when, in reality, she attended but did not graduate from the school, and now takes courses at Ventura Community College. He also noted Cirricione's improvements and stabilization with treatment and sobriety, as well as her demeanor during the hearing and reports of her daily activities, including interactions with "medical personnel, her family, her boyfriend, college personnel, members of the [Narcotics Anonymous] boards on which she serves, and fellow Humane Society participants."

Finally, the ALJ determined that Cirricione had a residual functional capacity ("RFC") to work at all exertional levels, but was nonexertionally limited to "unskilled work, with occasional decision making, occasional changes in the work setting, occasional interaction with co-workers or supervisors, and no interaction with the public."

Under 42 U.S.C. § 405(g), the Court may "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause

for the failure to incorporate such evidence into the record in a prior proceeding."
In this case, there is good cause for Cirricione's failure to incorporate the
subsequent decision because the second ALJ did not issue her decision until
October 31, 2019, which is after the ALJ, Appeals Council, Magistrate Judge, and
district court had all issued decisions in this case.

In *Luna v. Astrue*, the Court affirmed a district court order remanding a case
for further proceedings because of an "initial denial and subsequent award" of
benefits. 623 F.3d 1032, 1035 (9th Cir. 2010) (distinguishing *Bruton v.
Massanari*, 268 F.3d 824 (9th Cir. 2001)). As in *Luna*, the subsequent award in
this case is material new evidence because it "bears directly and substantially on
the matter in dispute, and . . . there is a reasonable possibility that the new evidence
would have changed the outcome of the . . . determination." *Id.* at 1034 (quoting
*Bruton*, 734 F.3d at 827) (internal quotation marks and alterations omitted).

The ALJ in the subsequent decision credited the opinion of Dr. Shmaryan
over those of unnamed "State agency medical consultants[]"[2] for a variety of
reasons, some of which existed at the time of the ALJ's decision in this case (like
Dr. Shmaryan's area of specialization and the "nature" of his treating relationship
with Cirricione) and some of which did not (like Cirricione's October 2019

---

[2] These state agency medical consultants might be Drs. Aquino-Caro and Ferrell,
but the record before the Court, including the subsequent decision, does not
identify these physicians.

6

involuntary psychiatric hospitalization).  The subsequent decision's discussion of Cirricione's October 2019 involuntary hospitalization might be probative of her mental health prior to January 7, 2018, because mental health "symptoms wax and wane in the course of treatment."  *See Garrison*, 759 F.3d at 1017.  And, "some improvement does not mean that the person's impairment no longer seriously affects [her] ability to function in a workplace."  *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001)) (internal quotations and original alterations omitted).

Inconsistency with an *incomplete* record is an inappropriate reason to discredit testimony or opinions under *any* standard.  *Cf. Am. Bird Conservancy v. FCC*, 545 F.3d 1190, 1195 n.3 (9th Cir. 2008) ("The proper remedy for an inadequate record . . . is to remand to the agency for further factfinding.").  It follows that the ALJ's reasons for discrediting Cirricione's testimony are neither clear nor convincing without consideration of the subsequent decision and any relevant, underlying evidence.  *See Trevizo*, 871 F.3d at 678–82.  It is also not a "legitimate" reason to reject the opinions of treating physicians Drs. Fredrick and Shmaryan.  *See id.*  Nor is such a reason even "germane" to warrant rejecting LCSW Maiman's opinion.  *See Revels*, 874 F.3d at 665.

Cirricione contends that the Court should remand this case for an award of benefits under the credit as true doctrine.  "Congress has granted courts some

7

additional flexibility in § 405(g) to reverse or modify an administrative decision without remanding the case for further proceedings." *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (internal quotation marks and citations omitted). But "we generally remand for an award of benefits only in 'rare circumstances.'" *Id.* at 1100 (quoting *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004)). With an incomplete record, we cannot tell "whether the [separate ALJ] decisions concerning [Cirricione] were reconcilable or inconsistent," so a remand is appropriate in this case to reconduct the RFC finding and reassess the ALJ's reasons for discrediting Cirricione's testimony and the opinions of the three treating medical professionals. *See Luna*, 623 F.3d at 1035.

We vacate the district court's decision and remand the case for further administrative proceedings to reevaluate Cirricione's condition from January 15, 2012, to January 6, 2018 in light of the Commissioner's subsequent decision.

**VACATED AND REMANDED.**