NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HOWARD F. DOLL,

              Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

              Defendant-Appellee.

No. 18-15916

D.C. No. 2:16-cv-03528-DJH

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted May 9, 2022**
Pasadena, California

Before: MCKEOWN and OWENS, Circuit Judges, and HELLERSTEIN,***
District Judge.

      Howard F. Doll appeals the district court's affirmance of the Commissioner

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*    The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act (Act). Doll's first application for disability insurance benefits was denied in 2015. While his appeal of the denial was pending, he filed a second application for benefits, offering new evidence that post-dated the evidence considered in the first application and showed worsening of his symptoms. The second application was granted in 2018. Here, Doll appeals the first ALJ's denial of benefits, and in light of the second favorable decision, requests a remand under sentence six of 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The ALJ provided specific, clear, and convincing reasons to discount Doll's testimony, including that Doll's daily activities were inconsistent with the degree of impairment alleged, that the lack of objective abnormalities in the record undermined Doll's allegations, and that the record contained contradictory statements that showed Doll's allegations were not entirely credible. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (an ALJ may discount a claimant's testimony if the claimant's daily activities contradict the testimony or if the daily activities meet the threshold for transferable work skills); *Burch v. Barnhardt*, 400 F.3d 676, 681 (9th Cir. 2005) (an ALJ may cite a lack of corroborating medical evidence as one factor in the credibility determination); *Tommasetti v. Astrue*, 533

2

F.3d 1035, 1039 (9th Cir. 2008) (an ALJ may discredit a claimant's subjective allegations based on "prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid."). Any error in the ALJ's further reasons was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

The ALJ considered the requisite factors and applied the correct legal standard in evaluating the medical opinion evidence. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (citing 20 C.F.R. § 404.1527(c)).

The ALJ properly found Dr. Alikhan's statement regarding disability was entitled to little weight because a determination of disability is reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d)(1). Further, the ALJ provided specific and legitimate reasons to discount Dr. Alikhan's opinions as inconsistent with his treatment record/notes, inconsistent with Doll's activities of daily living, and inconsistent with the GAF score of 75. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (an ALJ may reject a medical opinion that is unsupported by objective medical findings); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th. Cir. 1999) (inconsistency between opinion and reported daily activities was a specific and legitimate reason to reject opinion).

The ALJ provided specific and legitimate reasons to discount Dr. Sosa-Roche's opinion as based on Doll's subjective statements and because Doll's daily

activities and demeanor during the hearing undermined the opinion. *See Molina*, 674 F.3d at 1111 (this court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record").

Substantial evidence, *see id.* at 1110, supports the ALJ's decision to afford great/significant weight to the opinions of Drs. Kerns and Pearce as consistent with the objective medical evidence, Doll's substantial activities of daily living and presentation during the hearing, and because Doll's reports of socializing with family/friends and volunteering with veterans, which supports the finding that he was able to maintain "minimal social interaction."

The ALJ provided persuasive, specific, and valid reasons supported by the record for affording little weight to the Veterans Affairs (VA) disability ratings as Doll engaged in gainful activity from 2003 to 2013 and because Doll's activities and his conduct at the hearing undermined a finding that Doll was unable to persist at a consistent work effort. *See Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010) (an ALJ may give less weight to the VA's decision if the ALJ provides "persuasive, specific, valid reasons for doing so that are supported by the record.").

We deny Doll's request for remand based on the award of benefits in his subsequent application because the second ALJ relied on evidence not considered by the first ALJ, that post-dated the period the first ALJ considered, and

4

demonstrated a worsening of Doll's symptoms.[1] *See Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (no error in denying remand where the second application involved "different medical evidence" and was "not inconsistent" with the denial of the initial application); *see also Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010) (remanding where the record was insufficient to determine if the first and second agency decisions "were reconcilable or inconsistent").

**AFFIRMED.**

---

[1] We grant Doll's motion to take judicial notice of the November 21, 2018, decision (Dkt. 15). *See* Fed. R. Evid. 201(b)(2) (court may judicially notice a fact that is not subject to reasonable dispute); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (judicial notice of previous proceedings appropriate to determine "what matters were actually litigated").