**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 25 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STACIE MARIE CASSEL, | No. 23-55402 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-05335-SP |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Sheri Pym, Magistrate Judge, Presiding

Argued and Submitted September 12, 2024
Pasadena, California

Before: SCHROEDER, R. NELSON, and MILLER, Circuit Judges.

After finding that Stacie Cassel was no longer disabled, the Social Security Administration terminated her disability benefits. The district court affirmed. Exercising jurisdiction under 28 U.S.C. § 1291, we do the same.

We review the district court's decision de novo, and we affirm the agency's denial of benefits if it is free from legal error and supported by substantial

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

evidence. *Stiffler v. O'Malley*, 102 F.4th 1102, 1106 (9th Cir. 2024).

1. Cassel claims the administrative law judge (ALJ) failed to make the necessary statutory findings before terminating her benefits. The ALJ needed to find that Cassel's medical impairment improved and that she could perform substantial gainful activity. 42 U.S.C. § 1382c(a)(4)(A)(i). The ALJ did that, finding that Cassel's asthma and chronic pulmonary disease improved and that she could perform a significant number of jobs in the national economy.

2. Next, Cassel claims the ALJ should have explained why it rejected Dr. Riahinejad's opinion that Cassel "could have moderate to severe difficulty understanding, remembering, and carrying out complex and detailed instructions." The ALJ did not "reject" or "totally ignore" this opinion. *Cf. Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015). To the contrary, the ALJ relied on Dr. Riahinejad's findings and adopted his diagnosis, concluding that Cassel is in the "borderline range of intellectual functioning." The ALJ also accounted for Dr. Riahinejad's concerns when identifying the work Cassel could perform: "To accommodate moderate limitations in understanding, remembering, or applying information," the ALJ decreased Cassel's residual functional capacity to "simple, routine tasks."

Still, Cassel suggests that the ALJ implicitly rejected Dr. Riahinejad's opinion by finding that Cassel could perform jobs with "detailed but uninvolved

2

workplace instructions." *See* Dictionary of Occupational Titles, App'x C. But Dr. Riahinejad never opined that Cassel lacked the capacity to follow detailed instructions. Instead, he noted that Cassel "could have" trouble doing so if the instructions were detailed and "complex." In any case, the ALJ explained why Cassel could perform those jobs despite her limitations: other doctors' evaluations suggested that she could, and Cassel successfully cared for her children, shopped, maintained her household, and attended college classes. Thus, even if the ALJ deviated from a portion of Dr. Riahinejad's opinion, substantial evidence supported the ALJ's conclusion.

3. Cassel also claims the ALJ failed to resolve a conflict between the vocational expert's testimony and the Dictionary of Occupational Titles. *See Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015). The expert identified jobs that Cassel could perform in "a static work environment." Those same jobs, according to the DOT, require employees to solve "problems involving a few concrete variables." Dictionary of Occupational Titles, App'x C. There is no conflict in these job descriptions. "[L]imitations in the workplace environment" are different from "limitations on the tasks performed." *Stiffler*, 102 F.4th at 1109. The expert's testimony dealt with the former, and "a few concrete variables" deals with the latter. *See id.* Thus, there was no conflict for the ALJ to resolve. *See id.* at 1110.

4.	Finally, Cassel moves to remand because an ALJ has since found her disabled due to the residual effects of a stroke she suffered.  *See* 42 U.S.C. § 405(g).  Remand is appropriate only if the evidence supporting the new decision "bears directly and substantially" on the current appeal.  *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (cleaned up).  It does not.  The new decision involves "different medical evidence [and] a different time period."  *See id.*  Although the stroke occurred during the time period that is at issue here, the ALJ identified no effects during that period.  The finding of disability was based on the *current* limitations that Cassel experiences, so the differing determinations are "reconcilable."  *See Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).  Thus, we deny Cassel's motion to remand.

**AFFIRMED.**